THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHOEBE SOUNDINGSIDES,

        Petitioner,

    v.

ISRAEL JACQUES,

        Respondent.

CASE NO. C19-0544-JCC

ORDER

This matter comes before the Court on Petitioner Phoebe Soundingsides's objections (Dkt. No. 9) to the report and recommendation ("R&R") (Dkt. No. 8) of the Honorable Michelle L. Peterson, United States Magistrate Judge. Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objection, ADOPTS Judge Peterson's R&R, and DISMISSES Petitioner's complaint for the reasons explained herein.

On July 2, 2013, Petitioner was convicted of assault and sentenced to 42 months of imprisonment followed by two years of supervised release. (Dkt. No. 3 at 3.) Following a violation of the terms of Petitioner's supervised release, Petitioner was sentenced to an additional 12 months and one day of imprisonment at the SeaTac Federal Detention Center. (*Id*.)

In December 2018, the First Step Act ("FSA") was signed into law. (*Id*. at 1.) Section 102(b)(1) of the FSA amends 18 U.S.C. § 3624(b)(1), mandating that federal inmates may receive a maximum of 54 days of good conduct credits per year of their sentence, as opposed to

ORDER
C19-0544-JCC
PAGE - 1

the current Bureau of Prisons regulation, which mandate a maximum of 47 days. (*Id*. at 3–4.) Section 102(b)(2) delays implementation of any amendment to 18 U.S.C. § 3624 until July 19, 2019. (Dkt. No. 8 at 2.)

In April 2019, Petitioner filed a motion for *habeas corpus* relief. (Dkt. No. 3.) Petitioner argues that § 102(b)(1) went into effect on December 21, 2018—the day that the President signed the FSA (*Id*. at 3–4.) Petitioner argues that because of the amendment to 18 U.S.C. § 3624, she is entitled to 7 additional days of good time credit under § 102(b)(1). (*Id.* at 3.) Judge Peterson found that the amendment does not take effect until July 19, 2019, and she therefore recommends dismissing Petitioner's claim. (Dkt. No. 8 at 2.) Petitioner filed an objection to the R&R, arguing that the amendment took effect on December 21, 2018. (*See* Dkt. No. 9.)

In *Bottinelli v. Salazar*, the Ninth Circuit definitively addressed the issue of when § 102(b)(1) applies. *See Bottinelli v. Salazar*, 2019 WL 3071298, slip op. at 5 (9th Cir. 2019). The Ninth Circuit stated that, "We hold that the [FSA's] good time credit amendment did not take immediate effect upon enactment but will become effective with the establishment of the 'risk and needs assessment system' on July 19, 2019." *Id*. Therefore, the Court finds that § 102(b)(1) of the FSA takes effect on July 19, 2019, not December 21, 2018.

For the foregoing reasons, the Court OVERRULES Petitioner's objection (Dkt. No. 9), ADOPTS Judge Peterson's R&R (Dkt. No. 8), and DISMISSES Petitioner's complaint with prejudice.[1]

//

//

//

---

[1] Petitioner's scheduled release date from SeaTac was June 27, 2019. (Dkt. No. 3 at 3.) The Court is unaware of Petitioner's current location at this time. If Petitioner was released from custody as scheduled on June 27, Petitioner's motion for *habeas corpus* relief may be rendered moot. Additionally, § 102(b)(1) of the FSA took effect on July 19, 2019, likely providing another basis for the mootness of Petitioner's motion.

1       DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0544-JCC
PAGE - 3